Herman Franck, Esq. (SBN. 123476)
Elizabeth Vogel, Esq. (SBN. 245772)
**FRANCK & ASSOCIATES**
1801 7th Street, Suite 150
Sacramento, California 95811
Tel (916) 447-8400
Fax (916) 447-0720

Attorney for Plaintiffs
RAMESH MODY, et al.

☐ ORIGINAL **FILED**

JAN 12 2011

United S_____ cy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| RAMESH MODY, VIVEK MODY, HIMANSHU JAIN, IAN ROXAS, RICH CHIN, JIM YOUNG, DAI TRAN, RITCHIE GARAY, MORTELL DELOS TRINOS, HAZEL PADILLA, KRISTOPHER BASS, ADAM LIM, OASII LUCERO, MAURI DELOSTRINOS, MICHELLE VALENTIN, JOON OH, GREG SUAREZ, SUSAN SUAREZ, JULIO SUAREZ, RITA SUAREZ, NENITA ABBOTT, JOE FABIAN, JULIE FABIAN, AUGUSTUS FABIAN, CYNTHIA CUBING, INOCENTES CUBING, ANGIE CUBING, MARIO MARTINS, SUE THOMPSON, MAURO DELOS TRINOS, ELISEO CABRERA, DIGNA CABRERA, NAEEM ABDULMALIK, RICHARD ISONO, GAIL ISONO, MARTIN WONG, ALMA BISHOP, AMELIA SANTOS, SUSAN VALENTIN | Debtor Action No: 10-60671<br>Adversary Case No. <br><br>**ADVERSARY COMPLAINT TO DEEM SERIES OF DEBTS TO 39 PLAINTIFFS AS NON DISCHARGEABLE DUE TO ELDER ABUSE FRAUD, COMMON LAW FRAUD, THEFT, EMBEZZLEMENT; AND INTENTIONAL TORT OF CONVERSION; TO ADJUDGE THE AMOUNT OF THE DEBTS; AND CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES** |
| Plaintiffs, | |
| v. | |
| ROSEMARIE GAN | |
| Defendant, | |

PLAINTIFFS allege and state as follows:

ADVERSARY COMPLAINT

# I.
## JURISDICTION AND VENUE

1. Jurisdiction over this case is based on the Court's jurisdiction to hear adversary proceedings to declare debts non dischargeable under 11 U.S.C. Section 523(a)(2) [fraud]; 523(a)(4) [theft/embezzlement] 523(a)(6) [intentional conversion of money].

2. Venue in the Northern District of California is based on the fact that the defendant Rosemarie A Gan resides in this district and has filed a bankruptcy petition in this district; and that nonparty Argee's Travel & Gifts is a business entity that has a principle place of business in this district and has filed a bankruptcy petition in this district.

# II.
## PARTIES

3. The following plaintiffs [39 total] are individuals that have all invested funds with defendant Rosemarie A Gan and her nonparty corporation Argee's Travel & Gifts, Inc., pursuant to an investment contract in the form attached as Exhibit A hereto:

Ramesh Mody

Vivek Mody

Himanshu Jain

Ian Roxas

Rich Chin

Jim Young

Dai Tran

Ritchie Garay

1    Mortell Delos Trinos

2    Hazel Padilla

3    Kristopher Bass

4    Adam Lim

5    Oasii Lucero

6    Mauri Delostrinos

7    Michelle Valentin

8    Joon Oh

9    Greg Suarez

10   Susan Suarez

11   Julio Suarez

12   Rita Suarez

13   Nenita Abbott

14   Joe Fabian

15   Julie Fabian

16   Augustus Fabian

17   Cynthia Cubing

18   Inocentes Cubing

19   Angie Cubing

20   Mario Martins

21   Sue Thompson

22   Mauro Delos Trinos

23   Eliseo Cabrera

24   Digna Cabrera

25   Naeem Abdulmalik

26

ADVERSARY COMPLAINT                                                    3

1   Richard Isono

2   Gail Isono

3   Martin Wong

4   Alma Bishop

5   Amelia Santos

6   Susan Valentin

7

8   4. Defendant Rosemarie A Gan is an individual residing in Milpitas, CA.

9

10   5. Nonparty Argee's Travel & Gifts, Inc. is a California business form unknown with a principle

11   place of business in Santa Clara County; CA. Nonparty Argee's Travel & Gifts, Inc. is described

12   on its letterhead as an "Inc." [See Exhibit A], but is described in defendant Gan's bankruptcy

13   petition as a partnership. The California Secretary of State records show that the nonparty is a

14   corporation, with a registration number of C3058180.

15

16   **III.**

17   **FIRST CLAIM FOR RELIEF FOR NONDISCHARGEABILITY OF DEBTS BASED ON ELDER ABUSE FRAUD**

18

19   6. This is a claim for relief under 11 USC Section 523(a)(2) [fraud]; 523(a)(4)

20   [theft/embezzlement] 523(a)(6) [intentional conversion of money], to deem a series of debts

21   owing to the plaintiffs listed below as non-dischargeable based on elder abuse fraud committed

22   by defendant Rosemarie A Gan.

23

24   7. The following plaintiffs are over the age of 65 and thus qualify as elders within the meaning of

25   California's elder abuse statute, Welfare and Institutions Code Section 15610.30, 15657,

26   15657.5:

ADVERSARY COMPLAINT         4

1  Ramesh Mody

2  Julio Suarez

3  Rita Suarez

4  Nenita Abbott

5  Augustus Fabian

6  Angie Cubing

7

8  8. Plaintiffs have attached as Exhibit A hereto two versions of an exemplar investment contract

9  that defendants Rosemarie A Gan and Argee's Travel & Gifts, Inc. fraudulently induced

10  plaintiffs into entering into. The terms and conditions set forth in Exhibit A are incorporated

11  herein. Plaintiffs entered into a series of such investment contracts with the same terms as

12  Exhibit A. Some plaintiffs authorized Michelle Valentin and Mauri Delos Trinos to sign

13  contracts on their behalf as well as pick up and disperse their monthly commissions.

14

15  9. Plaintiffs have attached as Exhibit B a spreadsheet listing each of their names and the amount

16  of the ending investment amounts made by each of them that remain unpaid as of this date, and

17  constitute the damages complained of herein for each plaintiff. The information listed on Exhibit

18  B is incorporated herein.

19

20  10. Each plaintiff has signed a series of these exemplar agreements [Exhibit A]. The agreement

21  was made to finance a series of purchases of a block of pre-booked airplane tickets for flights to

22  and fro USA and the Philippines. The block purchases allowed the defendants to obtain preferred

23  rates on tickets. Plaintiffs were to receive a commission on their investments, as shown in the

24  contract [Exhibit A, para. 2 of the Investment Agreement and para. B of the 30 Day Investment

25

26

Contract Agreement]. Some plaintiffs authorized Michelle Valentin and Mauri Delos Trinos to sign contracts on their behalf as well as pick up and disperse their monthly commissions.

11. Defendant Rosemarie A. Gan is the owner/operator of a travel agency under the name of Argee's Travel & Gifts, Inc. This company is described on letterhead and other correspondence as a corporation, with an Inc. at the end of its name [see Exhibit A]. The State of California Department of State confirms a corporation by that name is registered with a registration number C3058180. In defendant Gan's bankruptcy filing, she lists the company as a partnership, but does not reveal the names of any partners.

12. Defendant Gan Argee's Travel & Gifts, Inc. made the following written misrepresentation of material fact through the investment contracts [Exhibit A] to plaintiffs:

A. That upon completion of the purchases of a block of tickets the plaintiffs would receive the return of their investment amount plus a commission.

B. That the investment of their funds would be used specifically for the purchase of a block of airline tickets to and fro USA and the Philippines, and that such tickets would be purchased only where they had been pre booked by specific airline passengers.

C. That the investment of plaintiff's funds would not be used for any other purpose.

D. Defendants used the word "investment" in their contract [see Exhibit A hereto, Investment Agreement]. In so doing, she impliedly represented that Argee's Travel & Gifts, Inc. had issued and registered all appropriate disclosure forms, securities registration documents, exemptions

from security, offer to sell securities, investor questionnaires, corporation filings, and other related legally required securities offering documentations [prospectus, financial statements, opinions of counsel] had been duly prepared, reviewed by appropriate professionals [CPA and lawyers], filed with appropriate government agencies and were all in order.

13. Defendants further made the above written misrepresentations as a series of promises to perform, without having the intent to perform those promises.

14. Defendants further concealed the fact that the above misrepresentations were false, and that the defendants did not have the intent to perform those promises.

15. Defendants made these written misrepresentations, false promises, and concealments to plaintiff in the form of the exemplar agreement [Exhibit A hereto], which were disseminated to the various plaintiffs. Defendants made these misrepresentations periodically over the period of January 2009-October 2010. Each investment contract was a single transaction, and a new one would be drawn up to permit a further transaction. The misrepresentations were thus made on a continuous basis over this period.

16. Further proof of defendant's fraudulent promise to repay are in terms of the timing of the last series of investments, and the filing of defendants personal and corporate bankruptcy petitions. [Bankruptcy Petitions Nos. 10-60671 [personal, filed on October 14, 2010] and Bankruptcy Case No. 10-61818 [on behalf of Argee's Travel & Gifts, Inc., filed on November 15, 2010].

17. Plaintiff Ramesh Mody for example, is over the age of 65, placed the amount of $25,960 with defendants during approximately October 1, 2010, about two weeks before she filed bankruptcy. Obviously defendants were not intending to ever pay back Mr. Mody when they

received the funds. Other plaintiffs have similarly invested funds with defendants within 30 days of the filing of bankruptcy: [Vivek Mody, Mauri Delos Trinos and Ian Roxas].

18. Defendants were at their place of business located at 1798 Milmont Drive, Milpitas, California 95035 when they made the above described misrepresentations.

19. The misrepresentations were in fact false, and were made by defendants with actual knowledge of their falsity.

20. The true facts were:

A. Defendants did not have the intent to perform their promise to return the principle amounts of the investments. Instead, defendants' intent was in the form of a Ponzi scheme whereby new investors into the scheme would provide funds to be used to pay commissions to other investors. None of the listed investors [Exhibit B hereto] received their principle back. The sheer number of these investors shows that the defendants did not have the intent to perform their respective promises to pay back the investment amount upon completion of the block purchase transactions.

B. Defendant began a procedure of giving postdated checks, but then closed the bank accounts for those checks. Defendant used multiple bank accounts to pay commissions.

C. Defendants did not have the intent at the time the promises were made to use the funds for the purchase of pre booked tickets as promised and stated in Exhibit A. Instead, defendants' intent and actual conduct were to use the funds for other purposes, including purchasing tickets that were not pre booked, and using the funds for personal needs. Plaintiffs do not know exactly

where the close to $2.5 million in funds have gone to, but have reason to believe that defendants have placed these funds into family members control in the Philippines and in Australia.

D. Defendants did not have the intent at the time the promises were made to use the funds for the purchase of pre booked tickets as promised and stated in Exhibit A. Defendants instead had the different intent to use it for unauthorized purchases, including the use of funds for their own personal needs, the use of funds to pay off commissions owed on other transactions, and other improper purposes. Plaintiffs do not know exactly where the close to $2.5 million in funds have gone to, but have reason to believe that defendants have placed these funds into family members control in the Philippines and in Australia.

E. With respect to the company's securities filings, and related documents described above, the true facts were that the has not completed any of the required securities offering documentation, securities registration, exemptions from registration, investor questionnaires, financial statements, and has not appropriate review done by a CPA and/or attorney. The company is listed in Rosemarie A. Gan as a partnership, but is registered as a corporation. This failure to abide by California securities law requirements constitutes *per se* fraud.

21. Defendants made these misrepresentations with the intent to cause and induce plaintiffs to invest into the travel ticket block purchases pursuant to the terms of the exemplar agreement, Exhibit A hereto.

22. Plaintiffs reasonably relied upon these misrepresentations to their detriment, by investing funds to defendants as per the terms of the exemplar agreement [Exhibit A hereto]. The spreadsheet attached hereto as Exhibit B lists out the amount of investment levels for each plaintiff herein.

23. As a proximate result of defendants fraudulent conduct, plaintiffs, and each of them, have been damaged in terms of the amounts of their unreturned investment levels. The spreadsheet attached hereto as Exhibit B lists out the amount of investment levels for each plaintiff herein, and is incorporated herein as a statement of damages for each plaintiff.

24. Plaintiffs also seek all available pre judgment interest on their investment levels, in an amount according to proof.

25. The conduct of defendants was fraudulent, intentional, oppressive, and constitutes a basis for punitive and exemplary damages pursuant to Cal. Civil Code Section 3294 and W&I Code Sec. 15657.5 in an amount according to proof.

26. Defendant Rose Gan and Argee's Travel & Gift also made the following further misrepresentations of material fact with the intent to induce plaintiffs to continue in their investment program and to withhold filing of any lawsuit. Rose Gan made these misrepresentations at her place of business in Santa Clara County, California, on the dates indicated below:

A. During July 2010 Rose Gan advised some of the plaintiffs that she was suffering from a stage 3 form of cancer. July of 2010

B. During early September 2010 Rose Gan advised some other plaintiffs that she was suffering from a stage 1 form of cancer. Early September 2010

27. Plaintiffs in this claim for relief are all elders within California's Elder Abuse statute, Welfare and Institutions Code Sections 15610.30, 15657, 15657.5, and invoke all damage remedies within those statutes, including without limitation:

A. Compensatory Damages for their respective investment levels as shown on Exhibit B hereto.

B. General damages for intentional infliction of emotional distress in an amount according to proof but in excess of $100,000 for each plaintiff in this first claim for relief.

C. Punitive damages of three times the amount of actual damages, or such other amount as the court permits.

D. Pre judgment interest on all damage amounts.

E. Attorney's fees expended in connection with the prosecution of this present action, in an amount according to proof. Attorney's fees are permitted by statute, W&I Code Sec. 15657.5, and by the terms of the investment contract [Exhibit A].

F. Such other relief as the Court may permit under the Elder Abuse law, or other equitable authority of the Court.

28. Plaintiffs further seek a judgment deeming the debts identified in the excel spreadsheet attached hereto as Exhibit B as non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2) [fraud], 523(a)(4) [theft/embezzlement of funds] and 523(a)(6) [intentional and malicious damage to plaintiff's property].

1  WHEREFORE plaintiffs, and each of them, pray for relief as set forth below.

2

3                                    IV.
   **SECOND CLAIM FOR RELIEF FOR NONDISCHARGEABILITY OF DEBTS BASED**
4                        **ON COMMON LAW FRAUD**

5  29. The allegations of paragraphs 1-28 are incorporated herein.

6

7  30. This is a claim for relief under 11 USC Section 523(a)(2) to deem a series of debts as non-

8  dischargeable based on common law fraud committed by defendant Rosemarie A Gan against

9  the entire group of plaintiffs herein:

10 Ramesh Mody

11 Vivek Mody

12 Himanshu Jain

13 Ian Roxas

14 Rich Chin

15 Jim Young

16 Dai Tran

17 Ritchie Garay

18 Mortell Delos Trinos

19 Hazel Padilla

20 Kristopher Bass

21 Adam Lim

22 Oasii Lucero

23 Mauri Delostrinos

24 Michelle Valentin

25 Joon Oh

26

ADVERSARY COMPLAINT                                                      12

1    Greg Suarez

2    Susan Suarez

3    Julio Suarez

4    Rita Suarez

5    Nenita Abbott

6    Joe Fabian

7    Julie Fabian

8    Augustus Fabian

9    Cynthia Cubing

10   Inocentes Cubing

11   Angie Cubing

12   Mario Martins

13   Sue Thompson

14   Mauro Delos Trinos

15   Eliseo Cabrera

16   Digna Cabrera

17   Naeem Abdulmalik

18   Richard Isono

19   Gail Isono

20   Martin Wong

21   Alma Bishop

22   Amelia Santos

23   Susan Valentin

24

25

26

31. Plaintiffs have attached as Exhibit A hereto an exemplar investment contract that defendants Rosemarie A Gan and Argee's Travel & Gifts, Inc. fraudulently induced plaintiffs into entering into. The terms and conditions set forth in Exhibit A are incorporated herein. Some plaintiffs authorized Michelle Valentin and Mauri Delos Trinos to sign contracts on their behalf as well as pick up and disperse their monthly commissions.

32. Plaintiffs have attached as Exhibit B a spreadsheet listing each of their names and the amount of the ending investment amounts made by each of them that remain unpaid as of this date, and constitute the damages complained of herein for each plaintiff. The information listed on Exhibit B is incorporated herein.

33. Each plaintiff has signed a series of these exemplar agreements [Exhibit A]. The agreements were made to finance a series of purchases of block of airplane tickets for flights to and fro USA and the Philippines. The block purchases allowed the defendants to obtain preferred rates on tickets. Plaintiffs were to receive a commission on their investments, as shown in the contract [Exhibit A]. Some plaintiffs authorized Michelle Valentin and Mauri Delos Trinos to sign contracts on their behalf as well as pick up and disperse their monthly commissions.

34. Defendant Rosemarie A Gan is the owner/operator of a travel agency under the name of Argee's Travel & Gifts, Inc. This company is described on letterhead and other correspondence as a corporation, with an Inc. at the end of its name, sees Exhibit A hereto. The State of California Department of State shows such a corporation was registered with registration no. C3058180. In defendants bankruptcy filing she lists the company as a partnership, but does not reveal the names of any partners.

35. Defendant Gan and Argee's Travel & Gifts, Inc. made the following written misrepresentation of material fact through the investment contracts [Exhibit A hereto] to plaintiffs:

A. That upon completion of the purchases of a block of tickets the plaintiffs would receive the return of their investment amount plus a commission.

B. That the investment of their funds would be used specifically for the purchase of a block of airline tickets to and fro USA and the Philippines, and that such tickets would be purchased only where they had been pre booked by specific airline passengers.

C. That the investment of plaintiff's funds would not be used for any other purpose.

D. Defendants uses the word "investment" in their contract [see Exhibit A]. In so doing, they impliedly presented that Argee's Travel and Gifts, Inc. that all appropriate disclosure forms, securities registration documents, exemptions from security registrations or registration of securities and offer to sell securities, investor questionnaires, corporation filings, and other related legally required securities offering documentations [prospectus, financial statements, opinions of counsel] had been dually prepared, reviewed by appropriate professionals [CPA and lawyers], were filed with appropriate government agencies, and were all in order.

36. Defendants further made the above written misrepresentations as a series of promises to perform, without having the intent to perform those promises.

37. Defendants further concealed the fact that the above misrepresentations were false, and that the defendants did not have the intent to perform those promises.

38. Defendants made these written misrepresentations, false promises, and concealments to plaintiff in the form of the exemplar agreement [Exhibit A hereto], which were disseminated to the various plaintiffs. Defendants made these misrepresentations periodically over the period of January 2009-October 2010. Each investment contract was a single transaction, and a new one would be drawn up to permit a further transaction. The misrepresentations were thus made on a continuous basis over this period.

39. Further proof of defendant's fraudulent promise to repay are in terms of the timing of the last series of investments, and the filing of defendants personal and corporate bankruptcy petitions. [Bankruptcy Petitions Nos. 10-60671 [personal, filed on October 14, 2010] and Bankruptcy Case No. 10-61818 [on behalf of Argee's Travel & Gifts, Inc., filed on November 15, 2010].

40. Plaintiff Ramesh Mody for example, is over the age of 65, placed the amount of $25,960 with defendants during approximately October 1, 2010, about two weeks before defendants filed their bankruptcy. Other plaintiffs have similarly invested funds with defendants within 30 days of the filing of bankruptcy: [Vivek Mody, Mauri Delos Trinos and Ian Roxas].

41. Defendants were at their place of business located at 1798 Milmont Drive, Milpitas, California 95035 when they made these misrepresentations.

42. The misrepresentations were in fact false, and were made by defendants with actual knowledge of their falsity.

43. The true facts were:

A. Defendants did not have the intent to perform their promise to return the principle amounts of the investments. Instead, defendants' intent was in the form of a Ponzi scheme whereby new investors into the scheme would provide funds to be used to pay commissions to other investors. None of the listed investors [Exhibit B hereto] received their principle back. The sheer number of these investors shows that the defendants did not have the intent to perform their respective promises to pay back the investment amount upon completion of the block purchase transactions.

B. Defendant began a procedure of giving postdated checks, but then closed the bank accounts for those checks. Defendant used multiple bank accounts to pay commissions.

C. Defendants did not have the intent at the time the promises were made to use the funds for the purchase of pre booked tickets as promised and stated in Exhibit A. Instead, defendants' intent and actual conduct were to use the funds for other purposes, including purchasing tickets that were not pre booked, and using the funds for personal needs. Plaintiffs do not know exactly where the $2.5 million in funds have gone to, but have reason to believe that defendants have placed these funds into family members control in the Philippines and in Australia.

D. Defendants did not have the intent at the time the promises were made to use the funds for the purchase of pre booked tickets as promised and stated in Exhibit B. Defendants instead had the different intent to use it for unauthorized purchases, including the use of funds for their own personal needs, the use of funds to pay off commissions owed on other transactions, and other improper purposes. Plaintiffs do not know exactly where the $2.5 million in funds have gone to,

but have reason to believe that defendants have placed these funds into family members control in the Philippines and in Australia.

E. With respect to the company's securities filings, and related documents described in para D, page 16 above, the true facts were that the defendants have not completed any of the required securities offering documentation, securities registration, exemptions from registration, investor questionnaires, financial statements, and has not appropriate review done by a CPA and/or attorney. The company is listed in Rosemarie A. Gan as a partnership, but is registered with the State of California as a corporation. This failure to abide by California securities law requirements constitutes *per se* fraud.

44. Defendant Rosemarie Gan and Argee's Travel & Gifts also made the following further misrepresentations of material fact with the intent to induce plaintiffs to continue in their investment program and to withhold filing of any lawsuit. Rosemarie Gan made these misrepresentations at her place of business in Santa Clara County, California, on the dates indicated below.

A. During July 2010 Rose Gan advised some of the plaintiffs that she was suffering from a stage 3 form of cancer.

B. During early September 2010 Rose Gan advised some other plaintiffs that she was suffering from a stage 1 form of cancer.

C. During March-October 2010, Rose Gan coaxed plaintiffs to invest more money into her business by suggesting they had to buy out other Investors. On or about Mar 2010, defendants

suggested to a plaintiff (Himanshu Jain) that other plaintiffs were too much trouble and that they would like Himanshu Jain to add more funds to "buy out" the other investor's principal investment. When defendants received new funds from Himanshu Jain, the defendants never used those funds to "buy out" the other investors that were supposedly giving trouble to the defendants. This occurred multiple times over the course of March 2010 to October 2010, leading Himanshu Jain to continue increasing his investment. Other plaintiffs were told the same story to coax them to increase their investments. Vivek Mody (plaintiff), Michelle Valentin (plaintiff) and Mauri Delos Trinos (plaintiff) experienced the same over the course of their investments.

45. Defendants made these misrepresentations with the intent to cause and induce plaintiffs to invest into the travel ticket block purchases pursuant to the terms of the exemplar agreement, Exhibit A hereto.

46. Plaintiffs reasonably relied upon these misrepresentations to their detriment, by investing funds to defendants as per the terms of the exemplar agreement [Exhibit A hereto]. The excel spreadsheet attached hereto as Exhibit B lists out the amount of investment levels for each plaintiff herein.

47. Some of the plaintiffs effectuated their investment and transfer of funds to defendant via authorization of Rose Gan to use their credit cards to make charges for airline tickets. The plaintiffs that made these credit card authorizations are: Susan Thompson, Susan Valentin, Michelle Valentin, Mauri Delos Trinos, Ian Roxas, and Hazel Padilla.

Case: 11-05015   Doc# 1   Filed: 01/12/11   Entered: 01/12/11 11:49:40   Page 19 of 19