48. Plaintiffs Susan Thompson, Susan Valentin, Michelle Valentin, Mauri Delos Trinos, Ian Roxas, and Hazel Padilla were fraudulently induced by defendants' above described conduct to authorize the use of their credit cards.

49. Additionally, the merchant that made these transactions and appears on the credit card statements is not Argee's Travel. Instead the charges were done by Rose Gan's sister's company, Air Travel Center in San Francisco and Majestic Travel in Texas.

50. As a proximate result of defendants fraudulent conduct, plaintiffs, and each of them, have been damaged in terms of the amounts of their unreturned investment levels. The spreadsheet attached hereto as Exhibit B lists out the amount of investment levels for each plaintiff herein, and is incorporated herein as a statement of damages for each plaintiff.

51. Plaintiffs also seek all available pre judgment interest on their investment levels, in an amount according to proof.

52. The conduct of defendants was fraudulent, intentional, oppressive, and malicious and constitutes a basis for punitive and exemplary damages pursuant to Cal. Civil Code Sec. 3294 in an amount according to proof.

53. Plaintiffs invoke all damage remedies for fraud including without limitation:

A. Compensatory Damages for their respective investment levels as shown on Exhibit B hereto.

B. Punitive damages pursuant too Civil Code Sec. 3294.

C. Pre judgment interest on all damage amounts.

D. Attorney's fees expended in connection with the prosecution of this present action, in an amount according to proof. Attorney's fees are available under the terms of the investment contract [Exhibit A].

E. Such other relief as the Court may permit.

54. Plaintiffs further seek a judgment deeming the debts identified in the spreadsheet attached hereto as Exhibit B as non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2) [fraud].

WHEREFORE plaintiffs, and each of them, pray for relief as set forth below.

## IV.
### THIRD CLAIM FOR RELIEF FOR NONDISCHARGEABILITY OF DEBTS BASED ON INTENTIONAL TORT OF CONVERSION OF PROPERTY, THEFT AND EMBEZZLEMENT

55. The allegations of paragraphs 1-54 are incorporated herein.

56. This is a claim for relief under 523(a)(4) [theft/embezzlement] 523(a)(6) [malicious injury to property] to deem a series of debts as non-dischargeable based on theft, embezzlement and malicious injury to property committed by defendant Rosemarie A Gan against the following plaintiffs:

Ramesh Mody

1    Vivek Mody

2    Himanshu Jain

3    Ian Roxas

4    Rich Chin

5    Jim Young

6    Dai Tran

7    Ritchie Garay

8    Mortell Delos Trinos

9    Hazel Padilla

10   Kristopher Bass

11   Adam Lim

12   Oasii Lucero

13   Mauri Delostrinos

14   Michelle Valentin

15   Joon Oh

16   Greg Suarez

17   Susan Suarez

18   Julio Suarez

19   Rita Suarez

20   Nenita Abbott

21   Joe Fabian

22   Julie Fabian

23   Augustus Fabian

24   Cynthia Cubing

25   Inocentes Cubing

26

Angie Cubing

Mario Martins

Sue Thompson

Mauro Delos Trinos

Eliseo Cabrera

Digna Cabrera

Naeem Abdulmalik

Richard Isono

Gail Isono

Martin Wong

Alma Bishop

Amelia Santos

Susan Valentin

57. The allegations of the first and second claims for relief are incorporated herein. Defendants' conduct as described in the first and second claims for relief constitutes the tort of conversion of plaintiff's property, and constitutes theft and embezzlement of funds.

58. Defendant's conduct was intentional and malicious and was done with the intent to permanently deprive plaintiffs of the following items of personal property: money equal to the investment amounts of each plaintiff as specified in the spreadsheet attached hereto as Exhibit B.

59. As a proximate result of defendants malicious conduct, plaintiffs, and each of them, have been damaged in terms of the amounts of their unreturned investment levels. The spreadsheet

attached hereto as Exhibit B lists out the amount of investment levels for each plaintiff herein, and is incorporated herein as a statement of damages for each plaintiff.

60. Plaintiffs also seek all available pre judgment interest on their investment levels, in an amount according to proof.

61. The conduct of defendants was fraudulent, intentional, oppressive, and malicious and constitutes a basis for punitive and exemplary damages pursuant to Cal. Civil Code Section 3294 in an amount according to proof.

62. Plaintiffs further seek a judgment deeming the debts identified in the spreadsheet attached hereto as Exhibit B non-dischargeable pursuant to 11 U.S.C. Section 523(a)(4) [theft/embezzlement of funds] and 523(a)(6) [intentional and malicious damage to plaintiff's property].

WHEREFORE plaintiffs pray for damages as set forth below.

## V.
## FOURTH CLAIM FOR RELIEF TO DEEM DEBT NON DISCHARGEABLE RE CONVERSION OF AUTOMOBILE OWNED BY MAURI DELOSTRINOS; REQUEST FOR INJUNCTIVE RELIEF

63. The allegations of paragraphs 1-62 are incorporated herein.

64. This is a fourth claim for relief by Mauri Delostrinos against Rosemarie A. Gan to deem a debt non dischargeable arising from Rosemarie A. Gan's conversion and theft of an automobile

owned by Mauri Delostrinos and described as follows: 2004 Mini Cooper VIN WMWRE33404TD76436; Cal. License 5TVJ9789.

65. A California Registration Renewal Notice dated November 12, 2010 is attached hereto as Exhibit C, and confirms that Mauri Delostrinos is the legal owner of the automobile.

66. During August 19, 2009, the parties entered into an oral agreement whereby Mauri Delostrinos agreed to sell to Rosemarie A. Gan the above described 2004 Mini Cooper. The terms of the oral agreement were set out in a written agreement, but Rosemarie A. Gan never signed the written agreement.

67. Rosemarie A. Gan but did orally agree to the following terms of the agreement to sell/buy the automobile:

68. Rosemarie A. Gan was to Pay Mauri Delostrinos the sum of $15,831.90 for the automobile in a series of 45 payments of $350 each. Upon completion of these payments Mauri Delostrinos was to sign over legal title to Rosemarie A. Gan. Until the payments were completed, the car would remain in Mauri Delostrinos name as legal owner, but Rosemarie A. Gan would take possession during August 2009, and did in fact take physical possession of the automobile during August 2009.

69. Plaintiff is not suing here for breach of oral agreement. Instead, plaintiff is suing here for conversion of the automobile, for damages of $15,831.90 or such other damages as the court deems appropriate, based on the market value of the automobile.

Case: 11-05015    Doc# 1-1    Filed: 01/12/11    Entered: 01/12/11 11:49:40    Page 6 of 21

70. The facts in support of this conversion claim are: the parties entered into the above described oral agreement. Defendant Rosemarie A. Gan took physical possession of the car, during August 2009 and made some of the agreed upon $350 payments. Then she stopped making the payments. Plaintiff Mauri Delostrinos attempted to convince Rosemarie A. Gan to either resume making payments or to return the car. Rosemarie A. Gan would do neither, and has intentionally and maliciously retained the car despite plaintiff's series of request for its return. Rosemarie A. Gan is still in possession of the automobile, and refuses to give it back to Mauri Delostrinos. Rosemarie A. Gan has exceeded the scope of plaintiff's permission to possess and use the car, and has thus converted it to her own use.

71. Rosemarie A. Gan has thus intentionally and maliciously caused plaintiff damage to his personal property by intentionally and maliciously converting the automobile to her own use, and with the intent to cause plaintiff to be permanently deprived of the automobile.

72. As a proximate result of this conversion, plaintiff Mauri Delostrinos has been damaged in the amount of the fair market value of the automobile, which by agreement of the parties was set at $15,831.90 or such other damage amount as the Court deems appropriate.

73. Plaintiff Mauri Delostrinos requests that the damages for this conversion be adjudged at $15,831.90 or such other amount as the court deems appropriate.

74. Plaintiff Mauri Delostrinos further requests punitive damages pursuant to Civil Code Section 3294, in an amount according to proof, based on defendant Rosemarie A. Gan's intentional malicious and oppressive conduct as described above.

75. Plaintiff Mauri Delostrinos further requests that the damages awarded him under this claim for relief be deemed non dischargeable pursuant to 11 USC Section 523(a)(6) [malicious injury to property].

76. Unless and until injunctive relief is granted, plaintiff Mauri Delostrinos will suffer irreparable injury in that Rosemarie A. Gan appears to be judgment proof. Plaintiff Mauri Delostrinos requests injunctive relief in the form of an injunction requiring defendant Rosemarie A. Gan to turn over the automobile to Mauri Delostrinos, or such other injunctive relief as the Court deems appropriate.

77. Argee's Travel & Gifts, Inc. is the alter ego of Rose Gan, based on the following facts:

 A. Rose Gan is the owner of all or substantial part of the company shares of Argee's Travel & Gifts, Inc.

B. Rose Gan has thinly capitalized Argee's Travel & Gifts, Inc. such that it is unable to pay its recurring and foreseeable debts, such as those owed to plaintiff's herein.

C. Argee's Travel &Gifts, Inc. was valued by Rose Gan in her bankruptcy filings as having a value of $1, yet it owes plaintiffs multiple millions of dollars.

D. Rose Gan intermittently uses her own bank accounts to make commission payments to plaintiffs. Plaintiffs have received postdated checks from Rose, and have had checks replaced with other checks from a different bank account, including Rose Gan's personal bank accounts.

Case: 11-05015   Doc# 1-1   Filed: 01/12/11   Entered: 01/12/11 11:49:40   Page 8 of
21

E. Rose Gan commingles her own personal funds, personal bank accounts, and personal activities into the corporate activities.

F. It was be inequitable to allow Rose Gan the benefit of the corporate liability protection of Argee's Travel & Gifts, Inc.

78. Based on the forgoing, Argee's Travel &Gifts should be deemed the alter ego of Rose Gan, and any debts owed to plaintiffs by Argee's Travel & Gifts, Inc. should be deemed the personal responsibility and obligation of Rose Gan.

WHEREFORE plaintiffs pray for relief as set forth below:

1. Plaintiffs request Judgment in their favor and against defendants Rosemarie A Gan and Argee's Travel & Gifts, Inc. as to each of the above claims for nondischargeability of debts in the amount as attached hereto as Exhibit B [spreadsheet with names and amounts of each plaintiff], on the basis on 11 U.S.C. Sections 523(a)(2) (Fraud), 523(a)(4) (Theft/embezzlement) and 523 (a)(6) (Malicious injury to property).

2. Plaintiffs request a Judgment determining and awarding to plaintiffs against each defendant the amount of damages in the amount as attached hereto as Exhibit B [spreadsheet with names and amounts of each plaintiff], in the total amount of $2,546,850.00.

3. As for the Fourth Claim for relief by Mauri Delostrinos for conversion of his automobile, plaintiff Mauri Delostrinos requests compensatory damages of $15,831.90, punitive damages pursuant to Civil Code Section 3294 in an amount according to proof, and injunctive relief in the

form of an injunction requiring defendant Rosemarie A. Gan to turn over the automobile to Mauri Delostrinos, or such other injunctive relief as the Court deems appropriate, and an order/judgment deeming all damages awarded non-dischargeable pursuant to 11 U.S.C. 523(a)(6) (malicious injury to property).

4. As for all claims for relief, plaintiff requests punitive damages in an amount according to proof but approximately 3 times actual damages, pursuant to Civil Code Sec. 3294, and as further provided for under the California Elder Abuse statute, Welfare and Institutions Code Sections 15610.30, 15657, 15657.5.

5. Plaintiffs request an award of general and emotional distress damages for each plaintiff in the first claim for relief and as further provided for under the California Elder Abuse statute, Welfare and Institutions Code Sections 15610.30, 15657, 15657.5, in an amount according to proof but in excess of $100,000 for each plaintiff in the first claim for relief.

6. Plaintiffs request an award of attorney's fees for each plaintiff in the first claim for relief in an amount according to proof, and as further provided for under the California Elder Abuse statute, Welfare and Institutions Code Sections 15610.30, 15657, 15657.5, and for all plaintiffs pursuant to the terms of the investment contract [Exhibit A].

7. Plaintiffs request that all damage awards herein be deemed non-dischargeable based on 11 U.S.C. 523(a)(2) (Fraud), 523(a)(4) (Theft, embezzlement) and 523(a)(6) (malicious injury to property).

8. Plaintiffs each request a finding and judgment that Agree's Travel & Gift, Inc. is the alter ego of Rosemarie A. Gan and that she is personally liable for the amounts claimed or awarded herein.

9. Plaintiffs request such other and further relief as the Court deems just, equitable and appropriate.

Respectfully Submitted,                                Date: January 11, 2011

_____
Herman Franck, Esq.
Attorney for Plaintiffs
RAMESH MODY, et al.

# DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Respectfully Submitted,                              Date: January 1 (, 2011

_____
Herman Franck, Esq.
Attorney for Plaintiffs
RAMESH MODY, et al.

## LIST OF EXHIBITS

Exhibit A: Exemplars of investment contracts

Exhibit B: Spreadsheet showing each plaintiff and amount claimed as compensatory damages

Exhibit C: DMV Vehicle Registration Renewal Notice re Mauri Delostrinos' mini cooper

# EXHIBIT A

**ARGEE'S TRAVEL & GIFTS, INC.**
1798 Milmont Drive, Milpitas, CA 95035
(408) 946-1880 / (408) 946-1942

# INVESTMENT AGREEMENT

**Rosemarie A. Gan**, owner, Argee's Travel & Gifts, Inc. located at 1798 Milmont Drive, Milpitas, CA 95035, hereafter referred to as Proprietor and _____, residing at _____, referred to as Investor do hereby agree to remit and deliver to Proprietor the amount of $ _____, the Principal, representing Investor's investment in the above entity. The Principal allows for purchase of advance tickets for travel, by Argee's Travel and its agents

## Terms and Conditions

- Investment period is defined as a period of _____ calendar days
- Proprietor will only sell pre-booked tickets to Investor during the investment period
- The Principal will earn $ _____ Investment commission per ticket.
- Following payments will be made by the Proprietor to the Investor:
  - The Principal within 45 days of the date of investment.
  - Investment commission within 30 days of the date of investment.
  - Credit card charges (if applicable), and payable upon receiving the Principal from Investor/Investor's agent. Agreeable date _____

- In the event that traveling passenger(s) fail to pay the remaining balance of the agreeable Airfare, Argee's Travel will carry the full responsibility for the lost money, **NOT** the investor. All original terms and conditions in this contract still remain.
- The Principal can be re-invested at the Investor's discretion. **Argee's Travel** must provide a new contract to the Investor to set the new date of investment maturity.

Executed, this ___ day of month of (month/yr) _ _ in Milpitas, CA USA (Date of Investment)
Maturity Date of this contract is (mm/dd/yyyy) _ __

_____

Rosemarie A. Gan (Proprietor)

_____

Investor (Print and Sign)

**ARGEE'S TRAVEL & GIFTS, INC.**

1798 Milmont Drive,

Milpitas, CA 95035

(408) 946-1880 / (408) 946-1942

License No. 2066890-40

# 30 DAYS INVESTMENT CONTRACT AGREEMENT

Date: July  23 , 2010

I, Rosemarie A. Gan, owner of Argee's Travel & Gifts, Inc. located at 1798 Milmont Drive, Milpitas, CA 95035, hereafter referred to as proprietor and Mr. Mauro  and Yolanda delos Trinos, residing at 1911 Luby drive, San Jose , California  95133, referred to as investors, do hereby agree to re-invest to the proprietor the total amount of $ **50,000.00** (Fifty thousand  dollars) coming from BOFA Acct.# ending in 8591, with check Nos. 117,118,119,120,121,122,123 & 124 of various amounts paid to ARGEES TRAVEL representing investor's investment in the above entity.

**Designated Investors Beneficiary: Mortell and Mauripher delos Trinos(To all current Investments)**

**Terms and Conditions:**

1. Proprietor will only sell  pre-booked  to the above investor during the time of investment.

2. The following payments  of postdated checks  will be issued by the proprietor to the investor during the day/time of investment to be changed to CASHIERS check on Sept. 23,2010.

   a. **"Guaranteed" Payment for the full amount of investment 60 days from the date of investment and " shall be paid by CASHIERS CHECK"TO THE INVESTOR**

   b. Payment for investment commission dated every **30 days** from the date of investment.

   c. Monthly Payment for Fees and  charges at 2.75%-19.9%(Variable rate) will be payable by the Proprietor  upon  receipt from Investor's Loan monthly Statements.

3. Argees Travel will be fully responsible for the full amount of the investor's original money, Fees, Liquidated Damages , attorney fees and agreed commission based on the amount invested.

4. The Investor purchased 40  Airfare tickets  on this contract,  with a prorated one (1-1/2) round trip ticket  valued at **$1,384.50/mo** , **$ 2,769.00 for two months.**

5. The original investment of $50,000 dollars is not returnable to the proprietor  60 days from the date of signing of this contract document and shall be paid in CASHIERS CHECK  to the investor per agreed  terms of this contract and or funds must be available on the issued post dated check by the proprietors **Wells Fargo Account # 5052304143  with Check Nos. 5190 and 5188 dated   September 23 & 24, 2010.Withdrawal of all Investment made by the Investor  to ARGEES TRAVEL with more or less $150,000 dollars will be made for any attempt by the proprietor not to pay the $50,000 on time.**

Signed on this  20th day of July , 2010  at Argees Travel Agency, Milpitas, CA USA.

_____                                _____

**Rosemarie A. Gan**                                                **Mauro delos Trinos**

PROPRIETOR(Signature)                                        Investor (Signature)

# INVESTMENT AGREEMENT

Investors: HR

In reference to the issue, issuer, or Agent is the said located 1700 Milmont Drive, Milpitas, CA _____ here after referred to as investors and
Data _____ (HR) LAN _____ (HR) as _____ WP as individual as investors do hereby agree that investment will equal and deliver a repayment in the amount of _____ )AR , ____ )
_____ in exchange for investor's investment in the above entity.

The original investment is transferred 1 year from the date of signing this document.

In witness _____ or _____ 2008, at Milpitas, CA USA

June 30, 2008

Digna Cabrera

# EXHIBIT B

# Argees Travel Investor's

| Investor's Name | Total Amount Invested (Principal) | |
|---|---|---|
| 1.  Mauri Delostrinos | $ | 132,000.00 |
| 2.  Michelle Valentin | $ | 338,000.00 |
| 3. Vivek Mody | $ | 365,955.00 |
| 3 Ramesh Mody | $ | 25,960.00 |
| 4.  Marty Jain | $ | 273,000.00 |
| 5.  Ian Roxas | $ | 77,602.00 |
| 6.  Rich Chin | $ | 28,000.00 |
| 7.  Jim Young | $ | 26,000.00 |
| 8.  Dai Tran | $ | 90,000.00 |
| 9.  Ritchie Garay | $ | 10,000.00 |
| 10.  Mortell Delostrinos | $ | 15,000.00 |
| 11.  Hazel Padilla | $ | 24,000.00 |
| 12.  Kristopher Bass | $ | 4,000.00 |
| 13. Adam Lim | $ | 140,000.00 |
| 14. Oasii Lucero | $ | 50,000.00 |
| 15. Joon Oh | $ | 100,000.00 |
| 16. Greg and Susan Suarez | $ | 125,000.00 |
| 17. Alma Bishop | $ | 40,000.00 |
| 18. Amelia Santos | $ | 40,000.00 |
| 19. Joe and Julie Fabian | $ | 30,000.00 |
| 20. Augustus Fabian | $ | 30,000.00 |
| 21. Cynthia & Angie Cubing | $ | 35,000.00 |
| 22. Naeem Abdulmalik | $ | 40,000.00 |
| 23. Richard and Gail Isono | $ | 25,000.00 |
| 24. Martin Wong | $ | 15,000.00 |
| 25. Sue Thompson | $ | 46,000.00 |
| 26. Inocentes Cubing | $ | 30,500.00 |
| 27. Susan Valentin | $ | 30,000.00 |
| 28. Mario Martins | $ | 18,300.00 |
| 29. Mauro delos Trinos | $ | 160,448.00 |
| 30.  Eliseo and Digna Cabrera | $ | 280,891.00 |
| | $ | 2,645,656.00 |

# EXHIBIT C


**STATE OF CALIFORNIA**
# DMV
DEPARTMENT OF MOTOR VEHICLES
A Public Service Agency





# VEHICLE REGISTRATION RENEWAL NOTICE

| VIN | MAKE | YR | BODY TYPE | LICENSE PLATE | AMOUNT DUE | DUE DATE |
|---|---|---|---|---|---|---|
| WMWRE33404TD76436 | MNNI | 2004 | 2H | 5TVJ978 | $218 | 11/12/2010 |

 **SMOG Certification Required (See reverse side of notice).**

☞ **Please take this notice to a SMOG check station.** ☜

## To renew, just provide:

☞ **Renewal Fees**

☞ **SMOG Certification** (see reverse side of notice)



**RENEW VIA INTERNET OR TELEPHONE**
Your **Renewal Identification Number** is **776143**
VISIT **WWW.DMV.CA.GOV** or
CALL **1-800-921-1117**
(see insert)

**Return by Mail**

| FEES | |
|---|---|
| REGISTRATION FEE | $56 |
| LICENSE FEE (May be an income tax deduction) | $152 |
| WEIGHT FEE | $0 |
| SPECIAL PLATE FEE | $0 |
| COUNTY/DISTRICT FEES | $10 |
| OWNER RESPONSIBILITY FEE | $0 |

| TOTAL DUE ON OR BEFORE 11/12/2010 | $218 |
|---|---|

**OR $18 TO FILE PLANNED NONOPERATION**

| LATE PAYMENT | | |
|---|---|---|
| POSTMARKED | RENEWAL | PNO |
| After 11/12/10 through 11/22/10 | $253 | $43 |
| After 11/22/10 through 12/12/10 | $278 | $63 |
| After 12/12/10 through 02/10/11 | $369 | $139 |
| AFTER 02/10/2011 | $369 | NO PNO |



### PLANNED NONOPERATION
If you plan not to operate (PNO) this vehicle, please check the box and return the bottom part with your PNO payment.

— Planned Nonoperation
—— Change of Address (see back)
——— For DMV Use Only

**DETACH AND RETURN**

020101   05293119090708   0021800   31600706040100
00050306000   0000015100   16036999 38

A211111A  B081010P02     74577   P10001

| LICENSE NUMBER | MAKE |
|---|---|
| 5TVJ978 | MNNI |
| VIN | |
| WMWRE33404TD76436 | |

| DMV USE | DUE DATE | AMOUNT DUE |
|---|---|---|
| | 11/12/2010 | $218 |

StubA

**MAKE PAYMENT TO:**

DELOSTRINOS MAURIPHER S
3742 SEINE CT
SAN JOSE CA 95127-2149

DMV RENEWAL
P.O. BOX 942897
SACRAMENTO CA 94297-0897

020101052931190907080021800316007060401000005030600000000151001603699938